**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANAHID BASDMADRZYAN,<br><br>  Plaintiff,<br><br> v.<br><br>COUNTRYWIDE HOME LOANS, INC., et al.,<br><br>  Defendants. | NO. CV 09-02751 SJO (PJWx)<br><br>**ORDER GRANTING MOTION TO DISMISS OF DEFENDANTS COUNTRYWIDE HOME LOANS, INC. AND RECONTRUST COMPANY, N.A.**<br>[Docket No. 10] |

This matter is before the Court on Defendants Countrywide Home Loans, Inc. and ReconTrust Company, N.A.'s (collectively, "Defendants") Motion to Dismiss, filed June 16, 2009. Plaintiff Anahid Basdmadrzyan ("Plaintiff") filed an Opposition, to which Defendants replied. The Court found this matter suitable for disposition without oral argument and vacated the hearing set for July 13, 2009. *See* Fed. R. Civ. P. 78(b). Because of the following reasons, Defendants' Motion is GRANTED.

I.   BACKGROUND

For the purposes of the instant motion, the following facts are presumed to be true. Plaintiff executed a mortgage loan transaction (the "Transaction") of an unspecified amount on March 14, 2007, secured by a deed of trust on a piece of real property (the "Property"). (Compl. ¶¶ 14–15.) Defendants did not provide Plaintiff with various documents, including Truth in Lending

Disclosure Statements and Right to Cancel Notices. (Compl. ¶ 21.) A "[n]on-judicial foreclosure filing" has been "recorded in the official records, Los Angeles County." (Compl. ¶ 13.)

On April 21, 2009, Plaintiff brought this suit against Defendants, alleging causes of action for: (1) rescission and damages for violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"); (2) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"); (3) unfair competition in violation of California Business and Professional Code § 17200 *et seq.*; and (4) quiet title. (*See generally* Compl.) Defendants now move to dismiss all causes of action for failure to state a claim. (*See* Notice Mot. & Mot. Dismiss Defs. Countrywide Home Loans, Inc. & Recontrust Company, N.A. ("Defs.' Mot.").)

II.   DISCUSSION

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-200 (9th Cir. 2003). A court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Dismissal is proper if the complaint lacks a "cognizable legal theory" or "sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). In pleading sufficient facts, a plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). The complaint need not contain detailed factual allegations, but it must provide more than a mere "formulaic recitation of the elements of a cause of action" or "labels and conclusions." *Id.* at 1965.

 A. Plaintiff Cannot Sustain Claims for Either Rescission or for Damages Under TILA.
  1. Plaintiff's Claim for Rescission Under TILA, Count One, Fails to State a Claim.

Plaintiff asserts that he has the right to rescind the Transaction due to Defendants' failure to make various disclosures. (*See* Compl. ¶ 32.) TILA allows a loan borrower to rescind a loan agreement within three years from the date of a loan transaction "[i]f the required notice or material

disclosures are not delivered." 15 U.S.C. § 1635(a), (f); 12 C.F.R. § 226.23(a)(3). Even if a plaintiff notifies a defendant of her intent to rescind, however, a court "has discretion to condition rescission on tender by the borrower of the property he had received from the lender." *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1171 (9th Cir. 2003) (internal citation omitted). Plaintiff, however, has not alleged that he is able to tender any unpaid loan payments.[1] (*See generally* Compl.) Because it is improper for the Court to rescind the loan unless Plaintiff can fulfill his repayment obligations, Plaintiff's failure to address his ability to tender is sufficient grounds to dismiss, with leave to amend, Plaintiff's rescission claim under TILA. *See Garza v. Am. Home Mortgage*, No. CV F 08-1477, 2009 WL 188604 at *4-*5 (E.D. Cal. Jan. 27, 2009) ("The complaint fails to hint that [the plaintiff] is able to fulfill her obligations . . . As such, the TILA rescission claim is dismissed with leave to amend, subject to F.R.Civ.P. 11(b) requirements, that [the plaintiff] has the ability to tender and pay back what she has received."); *ING Bank v. Korn*, No. C09-124Z, 2009 WL 1455488, at *1 (W.D. Wash. May 22, 2009).

As such, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's claim seeking rescission for violation of TILA, Count One. The Court will allow Plaintiff to amend his complaint, subject to Federal Rule of Civil Procedure 11(b) requirements, to allege his ability to repay his financial obligations.

### 2. Plaintiff's TILA Claim, Count Two, Is Time-Barred.

Plaintiff's second claim, based on allegations that Defendants failed to make material disclosures and to provide required notice under TILA, is barred by the statute of limitations found

---

[1] Plaintiff attaches to his Opposition a letter from Plaintiff's counsel to Countrywide Home Loans, Inc., dated February 3, 2009, which states that he "would like to discuss a tender obligation, should it arise." (*See* Pl.'s Opp'n Defs.' Mot. Dismiss, Ex. 1.) In determining a motion to dismiss, a court may consider only "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Coos County Board of County Comm'rs v. Kempthorne*, 531 F.3d 792, 811 n.14 (9th Cir. 2008) (quoting *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007)). Therefore, Plaintiff's letter, attached to his Opposition, is not properly considered by the Court for the purposes of this motion. The Court also notes that the letter makes no express representations regarding Plaintiff's ability to repay his unpaid loan payments.

in 15 U.S.C. § 1640(e). "Any action under this section may be brought . . . within one year of the date of the occurrence of the violation." 15 U.S.C. § 1640(e); *see also Hallas v. Ameriquest Mortg. Co.*, 406 F.Supp. 2d 1176, 1183 (D. Or. 2005) ("TILA requires that any claim based on an alleged failure to make material disclosures be brought within one year from the occurrence of the violation."). The one year statute of limitations period in § 1640(e) begins to run on the "date of the consummation of the transaction but . . . the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." *King v. State of California*, 784 F.2d 910, 915 (9th Cir. 1986).

Here, the Complaint alleges that Plaintiff consummated the loan in question "on or about March 14, 2007." (Compl. ¶ 14.) Therefore, based on the one year statute of limitation period found in § 1640(e), Plaintiff's TILA claim for damages expired in March 2008, prior to Plaintiff's filing of this action on April 21, 2009. Plaintiff has not presented sufficient allegations for the Court to apply the doctrine of equitable tolling. As such, under the "general rule" that TILA actions expire one year after the transaction is consummated, *see King*, 784 F.2d at 915, Plaintiff's claim is barred under the TILA statute of limitations.

Accordingly, the Court DISMISSES WITH PREJUDICE Plaintiff's claim seeking damages for violation of TILA, Count Two.

B.    <u>Plaintiff's FDCPA Claim, Count Three, Fails Because Property Foreclosures Are Not Debts Within the Meaning of the FDCPA.</u>

The FDCPA "prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). "To state a claim for violation of the FDCPA, a plaintiff must allege that the defendant is a 'debt collector' collecting a 'debt.'" *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. Dec. 8, 2008). Here, Plaintiff alleges standing "due to the non-judicial foreclosure filing recorded in the official records, Los Angeles County." (Compl. ¶ 13.) "[B]ecause 'foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the

4

1  FDCPA," *see Izenberg*, 589 F. Supp. 2d at 1199 (internal citation omitted), and Defendants are
2  therefore not collecting a "debt" within the meaning of the FDCPA, Plaintiff has not pled "sufficient
3  facts alleged under a cognizable legal theory." *See Johnson*, 534 F.3d at 1121; *Izenberg*, 589 F.
4  Supp. 2d at 1199. Therefore, Plaintiff's FDCPA claim fails to state a claim under Rule 12(b)(6).

As a result, the Court DISMISSES WITH PREJUDICE Plaintiff's claim for violation of FDCPA.

C. <u>The Court Dismisses Plaintiff's Cause of Action for Quiet Title, Count Five</u>.

To state a cause of action for quiet title under California Code of Civil Procedure § 761.020, a plaintiff's "complaint shall be verified." Cal. Code Civ. Proc. § 761.020. As Defendants correctly note in their motion, Plaintiff has not verified the complaint and this alone justifies dismissal. *See Lewis v. Superior Court*, 37 Cal. Rptr. 2d 63, 74 (Cal. Ct. App. 1994) (dismissing a quiet title complaint because "the complaint was not verified as required by the quiet title statute"); *see also Lopez v. Chase Home Finance, LLC*, No. CV F 09-0449, 2009 WL 1120318, at *5-*6 (E.D. Cal. Apr. 24, 2009) (finding a quiet title complaint defective because "the complaint is not verified"). Additionally, a "quiet title claim is an improper means to challenge foreclosure." *Lopez v. Chase Home Financial, LLC*, No. CV F 09-0449, 2009 WL 981676, at *7 (E.D. Cal. Apr. 9, 2009). Plaintiff's quiet title claim is therefore improper because Plaintiff alleges standing due to a "non-judicial foreclosure filing." (Compl. ¶ 13.)

Therefore, the claim is inappropriate and the Court DISMISSES WITH PREJUDICE Plaintiff's claim for quiet title.

D. <u>The Court Dismisses Plaintiffs Count Four Brought Under California Business and Professions Code § 17200</u>.

Under 28 U.S.C. § 1367(c)(3), a "district court[] may decline to exercise supplemental jurisdiction over a [state-law claim] if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). The Supreme Court has held that if all federal-law claims are dismissed before trial, it is appropriate to decline to exercise jurisdiction over any remaining state-law claims and, thus, to dismiss the state-law claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). In this case, because the Court has

dismissed all of Plaintiff's federal-law claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claim under California Business and Professions Code § 17200. The considerations underlying supplemental jurisdiction, namely judicial economy, convenience, fairness to litigants, and comity, *see United Mine Workers of Am.*, 383 U.S. at 726, do not weigh in favor of this federal court exercising supplemental jurisdiction where the federal law claims have been dismissed before the case progressed to discovery.

Accordingly, Plaintiff's Count Four under the California Business and Professions Code is DISMISSED WITHOUT PREJUDICE.

III.   RULING

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss. Because Plaintiff does not allege whether he has the ability to repay his financial obligations, the Court will allow him to amend his complaint, subject to Federal Rule of Civil Procedure 11(b) requirements, with respect to the cause of action seeking rescission for TILA violations. Therefore, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's TILA rescission claim, as well as his cause of action under California Business and Professions Code § 17200, which was dismissed based on the Court's decision not to exercise supplemental jurisdiction. The remaining causes of action, which are without merit and cannot be amended to state a claim, are DISMISSED WITH PREJUDICE.

Plaintiff may file an amended complaint containing the TILA rescission claim and cause of action under California Business and Professions Code § 17200 **on or before July 29, 2009**.

IT IS SO ORDERED.

Dated: July 13, 2009.

*S. James Otero*

S. JAMES OTERO
UNITED STATES DISTRICT JUDGE